**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ARKANSAS DEPARTMENT
OF ENERGY AND ENVIRONMENT**                                      **PLAINTIFF**

**v.**                            **Case No. 4:22-CV-00359-BSM**

**ENVIRONMENTAL PROTECTION
AGENCY,** *et al.*                                             **DEFENDANTS**

## ORDER

Defendants' motion to dismiss [Doc. No. 16] is denied.  The parties have until July 8, 2022 to confer and provide a date for a hearing on the Division of Environmental Quality's motion for preliminary injunction [Doc. No. 2].

### I. BACKGROUND

The Arkansas Department of Energy and Environment, Division of Environmental Quality (DEQ) is suing the United States Environmental Protection Agency (EPA) and Michael Regan, in his official capacity as administrator of the EPA, for declaratory and injunctive relief claiming that the EPA has exceeded its statutory authority and abused its discretion by untimely objecting to permits issued by the DEQ.

The DEQ is the state agency charged with implementing the National Pollutant Discharge Elimination System ("NPDES") permit program under the Clean Water Act ("CWA").  When the DEQ issues NPDES permits, it must provide notice to the EPA according to statute and a memorandum of agreement ("MOA") between the agencies.  40 C.F.R. § 123.24(a).  The MOA between the DEQ and the EPA includes the following

provisions: (1) the EPA will review draft permits, submitted to it prior to public comment; (2) the DEQ may revise draft permits "as it considers appropriate" following the public comment period and considering the EPA's comments; (3) the DEQ may issue final permits without further approval from the EPA if the final permit is the same or more stringent than the draft reviewed by the EPA, the EPA has not objected to the draft, and valid and significant public comments have not been made; (4) if any of the preceding conditions have occurred, the DEQ may not issue a final permit, and must first issue a proposed permit to the EPA; and (5) the EPA will be deemed to have waived its right to object to the draft if it fails to object, by general objection, within thirty days of receiving the draft permit, and by specific objection, within ninety days of receiving the draft permit.

There are two DEQ issued permits in question.  First,  is the NPDES permit issued to the Northwest Arkansas Conservation Authority ("NACA").  NACA filed an application with the DEQ for renewal of its NPDES permit.  In October 2020, the DEQ submitted the draft permit to the EPA and then submitted it for public comment in December 2020.  The EPA and two Oklahoma state agencies provided comments but the EPA did not object to the permit.  The DEQ revised the permit in response to the EPA's and the Oklahoma agencies' comments, then issued a final permit on December 1, 2021.  The EPA characterized the DEQ's final permit as "proposed" under the CWA and MOA.  *See* 40 C.F.R. § 122.2. The EPA issued a general objection on December 30, 2021, and a  specific objection on January 21, 2022.

2

Second, is the permit issued to the Springdale Water and Sewer Commission ("Springdale"). Springdale filed an updated NPDES permit renewal application with the DEQ in April 2020. The DEQ provided a copy to the EPA in December 2020 and submitted the draft permit for public comment in February 2021. After responding to comments from Oklahoma state agencies and the EPA, the DEQ issued a final permit on December 1, 2021. The EPA characterized the permit as "proposed" and issued a general objection on December 30, 2021. It subsequently issued a specific objection on February 10, 2022.

The DEQ challenges the two objections to its NPDES permits as untimely and moves for a preliminary injunction. The EPA moves to dismiss the DEQ's complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

## II. LEGAL STANDARD

Rule 12(b)(1) permits dismissal for lack of subject-matter jurisdiction based on a "facial" or "factual" attack. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). Where a party brings a factual attack, "the party invoking federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence." *Id.* Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Ashcroft*, 556 U.S. at 678. In ruling on a motion to dismiss, all well pleaded allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id.*

## III. DISCUSSION

The EPA's motion to dismiss is denied. The complaint sufficiently alleges that the EPA waived its right to object to the permits and there appears to be no administrative process for the DEQ to exhaust at this point. Further, the DEQ has alleged that it will be irreparably harmed if its permits are construed as proposed instead of final, and if it is forced to submit to a lengthy administrative process. Although the EPA disputes this, at the motion to dismiss stage, the allegations are accepted as true and are viewed in the light most favorable to the DEQ. *Ashcroft*, 556 U.S. at 678. Moreover, there is a factual dispute concerning whether the comments issued by the EPA and Oklahoma agencies were "significant" and thus, whether the EPA's objection was untimely. *Moss*, 895 F.3d at 1097 (courts may evaluate the evidence under the summary judgment standard where the jurisdictional issue is "bound up" with the merits) (citing *Gulf Oil Corp. V. Copp Paving Co.*, 419 U.S. 186, 203 n.19 (1974)).

The draft NACA permit was submitted to the EPA on October 28, 2020 and the EPA issued its specific objection approximately fifteen months later. The draft Springdale permit was submitted to the EPA on December 14, 2020 and the EPA issued its specific objection

nearly fourteen months later.  The DEQ argues that the EPA waived its right to object to the NACA and Springdale permits when it did not object within ninety days of receiving the drafts.  The EPA argues that because there were significant comments and the permits differed from the drafts, the DEQ was required to submit proposed permits for approval before issuing final permits.  It therefore argues, when the DEQ issued the final permits on December 1, 2021, those permits were proposed permits.  Thus, it contends, its objections were timely issued within ninety days of the issuance of the DEQ's "proposed" permits.

Finally, the EPA is correct that the Eighth Circuit has jurisdiction over the "issuing or denying any permit." 33 U.S.C. § 1369(b)(1)(F).  The EPA is also correct that the timeliness of its objections could only be heard by the Eighth Circuit "if and when" the EPA makes a final permit decision.  Reply Mot. Dismiss at 4, Doc. No. 27.  The problem with the EPA's position is that this is not a case in which the parties have gotten to the final step in which the EPA exercises its exclusive authority to issue nor deny the permit over the objection of the DEQ.  *See* MOA III.12.

This case presents two issues.  First is whether the DEQ failed to address any "significant" comments by the Oklahoma organizations or the EPA during the public comment period.  If the DEQ failed to address any such comments, the EPA may properly characterize the permits as "proposed" instead of final.  Second is whether the EPA timely objected to the permits.  These issues do not trigger the Eighth Circuit's jurisdiction over the EPA's issuance or denial of the permits because that issue could be decided only if the EPA

5

actually issued or denied permits.  These factual issues also do not affect the DEQ's illegal

rulemaking claim currently pending with the Eighth Circuit.  This is further supported by the

abeyance order in the case pending with the Eighth Circuit.  *Arkansas Dep't of Energy v.*

*U.S. Envtl. Prot. Agency*, Case No. 22-1831 (8th Cir. filed Apr. 22, 2022).

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is denied.

IT IS SO ORDERED this 1st day of July, 2022.

UNITED STATES DISTRICT JUDGE

6